IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LANNY LORENZO COPPIN, | : | |
| Petitioner, | : | |
| VS. | : | 1: 12-CV-53 (WLS) |
| MARTY ALLEN, WARDEN, | : | |
| Respondent. | : | |

**ORDER AND RECOMMENDATION**

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 Lee County convictions for child molestation. (Doc. 1). Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to twenty years to serve on count one, and twenty years probation on count two, consecutive to count one. (Doc. 12-5, p. 25, 27). Petitioner's convictions were affirmed on direct appeal. (Docs. 12-9, p. 118; 12-10, pp. 1-2).

Petitioner filed a state habeas petition on November 3, 2010 in the Superior Court of Dodge County. (Doc. 12-1). The state habeas court denied relief, and Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on February 27, 2012. (Docs. 12-2; 12-3). Petitioner executed this federal habeas petition on April 10, 2012. (Doc. 1).

As an initial matter, Respondent has filed a Motion to File Response Out of Time because, due to inadvertence and mistake, Respondent filed his Brief in Support of Answer-Response thirteen days late. (Doc. 19). Respondent requests the Court accept his out-of-time Brief. Petitioner has filed a Motion to Dismiss Respondent's Response Motion and Supporting Brief,

asking the Court to deny Respondent's Motion to File Response Out of Time.  (Doc. 20).  The Court may extend the time to file "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. Pro. 6(b)(1)(B).  As the Court finds Respondent's failure to timely file his Brief in Support of Answer-Response is "excusable", Respondent's Motion to File Response Out of Time is hereby **GRANTED**, and Petitioner's Motion to Dismiss Respondent's Response Motion and Supporting Brief is **DENIED**.  Respondent's Brief is accepted by the Court.

### Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."   In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.* at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the

2

correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407.  "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  In other words, as this is a post-AEDPA case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court made a decision based on an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

### **Petitioner's Habeas Claims**

In his Petition for federal habeas relief and his Amended Petition, Petitioner sets forth the following grounds for relief: 1) the evidence at trial was insufficient; 2) "[t]he state knowingly allowed false testimonies by state witnesses"; 3) the state blocked Petitioner "from answering a state question[ ] that was important for the defense to have answered"; 4) Petitioner's trial counsel was ineffective for failing to investigate or interview witnesses; 5) "[t]he state did not instruct the court or jury to not consider [A]gent Durham['s] testimony"; 6) appellate counsel was

3

ineffective for failing to investigate; and 7) trial counsel failed to communicate a plea offer to Petitioner.  (Docs. 1, 7).

*Procedurally defaulted grounds*

Initially, Respondent asserts that Grounds 2, 3, 4, 5 and 7 are procedurally defaulted. (Doc. 18).

<u>Grounds 2, 3, and 4</u>

In Grounds 2, 3, and 4, Petitioner alleges that the "state knowingly allowed false testimonies by state witnesses" and blocked Petitioner from answering a question, and that Petitioner's trial counsel was ineffective for failing to investigate or interview witnesses.  (Docs. 1, 7).  These grounds were raised in Petitioner's state habeas proceedings.  The state habeas court determined that the grounds were procedurally defaulted under O.C.G.A. § 9-14-48(d), because Petitioner failed to raise these grounds on direct appeal. (Doc. 12-2).

Petitioner must raise all claims at trial and on appeal to avoid procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 735, 750 (1991).  Relying on *Black v. Hardin*, 255 Ga. 239 (1985), the state habeas court found that these three grounds had not been timely raised on direct appeal, and thus the court concluded that Petitioner procedurally defaulted these grounds.  (Doc. 12-2, pp. 2-9).

O.C.G.A. § 9-14-48(d) provides as follows:

> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of

>actual prejudice, habeas corpus relief shall not be granted.

Further, the Supreme Court held in Coleman, 501 U.S. at 750:

>We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider due to his failure to timely raise the claim at trial and on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman*, 501 U.S. at 724; *Wainwright v. Sykes*, 433 U.S. 72 (1977). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

To prove prejudice, a petitioner must show not merely that errors at trial created a possibility of prejudice, "but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 495 (quoting *United States v. Frady*, 456 U.S. 152, 156 (1982)). The U.S. Supreme Court made clear that both cause and actual prejudice must be shown, and specifically rejected the contention that cause need not be shown if actual prejudice was shown. *Id.* Additionally, a mere possibility of actual prejudice

5

resulting from an error at trial will not waive the procedural default bar where other substantial evidence of guilt is present.  *Wainwright,* 433 U.S. at 91.

Petitioner has not established cause or prejudice in order to excuse the procedural default of these claims.  Further, Petitioner has not shown that he was "actually innocent," which is necessary to show a fundamental miscarriage of justice if his federal claims are not considered.  *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (petitioner must show "actual innocence" to meet the "fundamental miscarriage of justice exception").  Accordingly, this Court must defer to the state court's findings of procedural default.  *Coleman*, 501 U.S. at 750; *Mincey v. Head*, 206 F.3d 1106, 1135-36 (11th Cir. 2000).

The state habeas court found that Petitioner procedurally defaulted Grounds 2, 3, and 4 because he failed to raise the claims on appeal.  That court also determined that Petitioner failed to demonstrate the necessary cause and prejudice sufficient to overcome the procedural default. (Doc. 12-2).  As Petitioner provides no new evidence demonstrating cause and prejudice, this Court, deferring to the state court's decision, finds that Grounds 2, 3 and 4 are procedurally defaulted.  Thus, Petitioner is not entitled to habeas relief on these three grounds.

*Grounds 5 and 7*

In Grounds 5 and 7, Petitioner alleges that the state failed to instruct the court and jury to disregard Agent Durham's testimony, and that trial counsel failed to communicate a plea offer to Petitioner.  (Doc. 7).

Respondent asserts that these claims are procedurally defaulted under Georgia's successive petition rule, as Petitioner did not raise these claims in his state habeas petition and would not be allowed to do so in a second state habeas corpus petition.  O.C.G.A. § 9-14-51.  Under Georgia

6

law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

*Id.*

As stated above, a state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and on appeal, unless the petitioner can establish both cause for the failure and actual prejudice resulting therefrom, or can establish a fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman*, 501 U.S. at 724; *Wainwright*, 433 U.S. 72.

Petitioner did not raise the issues presented in Grounds 5 or 7 in the state proceedings below, rendering the grounds procedurally defaulted. Petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard. Accordingly, the allegations contained in Grounds 5 and 7 will not support the granting of habeas relief herein.

### *Lack of merit*

Respondent asserts that the remaining grounds, Grounds 1 and 6, lack merit as the grounds have been decided adversely to Petitioner in the state court. (Doc. 18). In Ground 1, Petitioner alleges that the evidence was insufficient to support the verdict. (Doc. 1). In Ground 6, Petitioner maintains that appellate counsel was ineffective because he failed to investigate. (Doc. 7).

7

*Ground 1*

The Georgia Court of Appeals made findings regarding the allegation that the evidence was insufficient to support the verdict. (Docs. 12-9, p. 118; 12-10, pp. 1-2). The Georgia Court of Appeals found the following:

> The first victim testified at trial that Coppin had repeatedly fondled her vagina with his finger; the second victim pointed out on anatomical dolls where and with what Coppin had touched her. This evidence was sufficient to sustain Coppin's conviction.

(Doc. 12-10, p. 1). Explicitly applying the standard found in *Jackson v. Virginia*, 443 U.S. 307 (1979), the Georgia Court of Appeals found that the evidence was sufficient to sustain Petitioner's conviction.

The Georgia Court of Appeals applied the correct standard for evaluation of the sufficiency of the evidence. In *Jackson*, the Court held that "the relevant question [regarding sufficiency of evidence] is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Here, the state court found that the evidence was sufficient to convict the Petitioner of child molestation. (Doc. 12-10, p. 1).

In his Petition, Petitioner only provided an explanation of this claim, and failed to provide any evidence showing the state court's decision was either contrary to or an unreasonable application of Federal law. (*See* Doc. 1). The state court's analysis regarding the sufficiency of the evidence reveals that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law. Thus, this Court is prohibited from issuing habeas relief on the basis of Ground 1. 28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362,

387-388 (2000).

*Ground 6*

The state habeas court made findings of fact regarding the issue of ineffective assistance of appellate counsel after conducting an evidentiary hearing.  The state habeas court found the following relevant facts:

> Petitioner was represented at trial by Kevin Kwashnak and on appeal by William Carswell. . . . Appellate counsel received his law degree from Mercer University in 2000.  Since 2000, he has practiced with the firm of Brimberry, Kaplan and Brimberry and presently serves as managing partner.
>
> Appellate counsel testified that in preparing Petitioner's appeal he met with Petitioner and discussed issues Petitioner wanted to raise, reviewed trial counsel's file, reviewed the trial transcript, and discussed the case with trial counsel.  He testified that he felt that the issues he raised in the appeal were the most viable issues.  He testified that Petitioner asked him about raising an issue that one of the jurors had a problem deliberating, but that when he reviewed the trial transcript it reflected that when the jury was polled the juror in question stated that the verdict of conviction was her truthful verdict.  He testified that had the juror's response been different he would have attempted to contact her to discuss the matter with her.  He testified that the strategy he employed in presenting the motion for new trial was to highlight the allegation of ineffective assistance of trial counsel centered on the testimony of the State's witness regarding Petitioner's prior incarceration.  He testified that he did not feel that there was a viable issue of prosecutorial misconduct based on the prosecutor deliberately eliciting this testimony.  He testified that he did not feel that the issue of ineffective assistance of trial counsel based on a failure to investigate which Petitioner suggested to him was a viable issue.  He testified that he did not feel that the issue of a law enforcement officer allegedly forging Petitioner's signature to a statement which Petitioner suggested to him was a viable issue.

(Doc. 12-2, pp. 6-7) (internal citations omitted).

The state habeas court determined, based on the facts of the case that

9

> To the extent that this claim alleges that appellate counsel was ineffective for failing to investigate, the record shows that appellate counsel performed a thorough investigation in preparing Petitioner's appeal, that appellate counsel considered the potential issues Petitioner identified but determined that they would not have been viable, and that appellate counsel raised the issues in the appeal which he found to be the most viable. Petitioner has failed to show that appellate counsel was ineffective for failing to investigate.

(*Id.* at p. 9).

The state habeas corpus court explicitly applied *Strickland v. Washington*, 466 U.S. 668 (1984) to find that Petitioner had failed to meet his burden to show deficient performance and actual prejudice as to the allegations of ineffective assistance of appellate counsel regarding his alleged failure to investigate.

The state habeas court applied the correct standard for evaluation of ineffective assistance of counsel claims. In *Strickland v. Washington,* 466 U.S. at 687, the United States Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that Acounsel made errors so serious that counsel was not functioning as the xcounsel= guaranteed by the Sixth Amendment.@ *Id.*  Second, a defendant must demonstrate that the deficient performance prejudiced the defense to such a degree that the results of the trial cannot be trusted.  *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690.  The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is,

the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted).   Under the prejudice prong, a petitioner must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance.   *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986); *Strickland,* 466 U.S. at 696.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."   *Strickland*, 466 U.S. at 694.

In his Amended Petition, Petitioner only provided an explanation of this claim, and failed to provide any evidence showing the state court's decision was either contrary to or an unreasonable application of Federal law. (*See* Doc. 7).   The state court's analysis regarding appellate counsel's alleged failure to investigate reveals that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law.   Thus, this Court is prohibited from issuing habeas relief on the basis of Ground 6.   28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

*Conclusion*

As none of the grounds raised by Petitioner will support the granting of federal habeas relief, it is the recommendation of the undersigned that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is

recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 28th day of May, 2013.

                s/ *THOMAS Q. LANGSTAFF*
                **UNITED STATES MAGISTRATE JUDGE**