**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| LANNY LORENZO COPPIN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:12-cv-53 (WLS) |
| : | |
| MARTY ALLEN, Warden, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Petitioner Lanny Lorenzo Coppin is a state prisoner at Dodge State Prison seeking a writ of habeas corpus under 28 U.S.C. § 2254 to vacate his 2007 conviction for child molestation in the Superior Court of Lee County. Coppin's petition is now before the Court on an Order and Recommendation from a United States Magistrate Judge. The Magistrate Judge recommends the Court deny the petition because Coppin's grounds for relief are either procedurally defaulted or lack merit.

The recommendation provided Coppin fourteen days to file an objection to its contents. Accounting for service, Coppin filed a timely objection on June 13, 2013. In the objection, Coppin challenges the Magistrate Judge's order granting Respondent's Motion to File Response Out of Time. He does not challenge any aspects of the Recommendation.

When a litigant challenges a magistrate judge's order on non-dispositive pretrial matter, district courts may modify or set aside the order if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "Clear error is a highly deferential standard of review." *Saunders v. Emory Healthcare, Inc.*, No. 1:07-CV-00282-WSD-GGB, 2008 WL 513340, *3 (N.D. Ga. Feb. 22 2008) ("The standard for overturning a Magistrate Judge's order is 'a very difficult one to meet.'"). "[A] finding is

1

'clearly erroneous' when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*

After a review of the record, the Court cannot say the Magistrate Judge made a clear error in granting Respondent's Motion to File Response Out of Time. Federal Rule of Civil Procedure 6(b) permits a court to extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect' is an equitable inquiry made on a case-by-case basis. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In considering whether the failure to respond amounts to an excusable neglect, courts must consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (quoting *Pioneer*, 507 U.S. at 395).

Here, there was little, if any, prejudice to Coppin. Although Coppin contends he was prejudiced, he offers no explanation or evidence to support such a claim. The basic procedural posture of the case reflects that the untimely filing did not affect Coppin. Moreover, the length of the delay was minor and had little impact on the judicial proceedings. From the record, it appears that the late filing only delayed the magistrate judge's resolution of the case by a few weeks. Although the reason for the delay was within the movant's control, the delay resulted from mere negligence. Nothing in the record suggests the movant acted in bad faith.

For those reasons, the Court concludes the magistrate judge correctly found that the missed deadline resulted from excusable neglect. *See Cheney*, 71 F.3d at 850

(finding that district court abused its discretion in failing to find excusable neglect, in part because "the failure to comply with the filing deadline [was] attributable to negligence" and "[t]here is no indication that counsel deliberately disregarded [a local rule]"). Coppin's Objection (Doc. 22) is **OVERRULED**.

After a *de novo* review of the Recommendation (Doc. 21), the Court finds it should be, and hereby is, **ACCEPTED, ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions reached herein. Coppin's Petition is **DENIED**.

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that no reasonable jurist would find it debatable that grounds two, three, four, five, or seven are procedural defaulted, and Coppin has also not made a substantial showing of the denial of a constitutional right. Therefore, the Court **DENIES** Coppin a certificate of appealability.

**SO ORDERED**, this   3rd   day of October 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**